# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 16-cr-04026-01-SRB |
| DUFFY DEAN WOODMAN, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Duffy Dean Woodman's *pro se* Motion for Compassionate Release. (Doc. #62.) Upon review of the record, Defendant's motion is DENIED.

On October 12, 2017, Defendant pled guilty to Count One of an Indictment. This Count charged that Defendant received child pornography, in violation of 18 U.S.C. § 2252(a)(2). On July 24, 2018, the Court sentenced Defendant to 180 months of imprisonment followed by a ten-year term of supervised release. According to the Government, Defendant's current date of release from prison is November 11, 2028.

On October 16, 2020, Defendant filed the pending motion for compassionate release. Defendant moves for a compassionate release in light of health concerns regarding COVID-19. Specifically, Defendant claims he is 55 years old and has "pre-existing health conditions that include severe asthma in his youth and has had pneumonia 4-5 times as an adult." (Doc. #62, p. 1.) Defendant also states that he "has high blood pressure, is 40 pounds overweight, and has gout." (Doc. #62, p. 1.) Defendant further states that he has a safe home plan which involves living with his wife in Republic, Missouri. In response, the Government contends that the record does not support a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Here, and assuming Defendant has fully exhausted his administrative remedies, the Court finds no extraordinary and compelling reason to reduce his sentence. The Government argues, and the Court agrees, that Defendant:

> [D]oes not have a terminal illness/suffer from any physical or mental condition that substantially diminishes his ability to provide self-care within the correctional facility, etc. Further, although the defendant asserts he suffers from high blood pressure, asthma and Gout, these conditions are not one of the identified CDC medical conditions that places the defendant at an increased risk for severe illness from COVID-19.

(Doc. #65, p. 8.)

Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age (55) and apparent health condition do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. Defendant has also not established that the § 3553(a) factors support a release. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's request for a compassionate release is therefore denied.

Accordingly, it is ORDERED that Defendant Duffy Dean Woodman's *pro se* Motion for Compassionate Release (Doc. #62) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: November 30, 2020